**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

JSK/RMN/CSS/PL AGR 2021R00150

October 16, 2026

RECEIVED

OCT 22 2026

AT 8:30__________M
CLERK, U.S. DISTRICT COURT - DNJ

Michael Critchley, Esq.
Amy Luria, Esq.
Michael Critchley, Jr., Esq.
Armando B. Suárez, Esq.
Critchley & Luria, LLC
75 Livingston Avenue, Suite 303
Roseland, New Jersey 07068

Re: Plea Agreement with Christopher Matthaei,
<u>Crim. No. 24-00412 (GC)</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, Christopher Matthaei ("MATTHAEI"), and the United States Attorney's Office for the District of New Jersey ("this Office"). **<u>This offer will expire on October 20, 2026, if it is not accepted in writing by that date</u>.** If MATTHAEI does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from MATTHAEI to a one-count Superseding Information in Case Number 24-cr-00412-GC (the "Superseding Information"), which charges MATTHAEI with conspiracy to commit securities fraud by trading in the securities of SPAC-1 as defined in the Superseding Indictment, ECF No. 109, based on material nonpublic information between on or about May 29, 2020 to on or about June 18, 2020, contrary to 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. §§ 240.10b-5 and 240.10b-5-2, in violation of 18 U.S.C. § 371.

If MATTHAEI enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MATTHAEI for his conduct related to the securities fraud scheme and conspiracy set forth in the Superseding Indictment, ECF No. 109.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against MATTHAEI even if the applicable statute of limitations period for those charges expires after MATTHAEI signs this agreement, and MATTHAEI agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which MATTHAEI agrees to plead guilty in the Superseding Information carries a statutory maximum prison sentence of five years, and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MATTHAEI is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence MATTHAEI ultimately will receive.

Further, in addition to imposing any other penalty on MATTHAEI, the sentencing judge as part of the sentence:

(1) will order MATTHAEI to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order MATTHAEI to pay restitution pursuant to 18 U.S.C. § 3663 and/or 18 U.S.C. § 3663A, *et seq.*;

(3) may order MATTHAEI, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

(5) pursuant to 18 U.S.C. § 3583, may require MATTHAEI to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should MATTHAEI be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MATTHAEI may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and/or Victim and Witness Protection Act, 18 U.S.C. § 3663, MATTHAEI agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of the offense.

Forfeiture

As part of MATTHAEI's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), MATTHAEI agrees to forfeit to the United States all right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds traceable to the securities fraud offense charged in the Superseding Information. MATTHAEI further acknowledges that the aggregate value of such property was $1,489,025.97; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by MATTHAEI, in an amount of $1,489,025.97 (the "Money Judgment"). MATTHAEI agrees that the amount of the Money Judgment will be determined by the Court at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

MATTHAEI consents to the entry of an order requiring MATTHAEI to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to MATTHAEI prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. MATTHAEI acknowledges that the Money Judgment is

subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to the securities fraud offenses to which he is pleading guilty.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating MATTHAEI's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. MATTHAEI further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

MATTHAEI waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MATTHAEI understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. MATTHAEI waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of MATTHAEI's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

MATTHAEI further understands that the Government may require MATTHAEI to complete a Financial Disclosure Statement. MATTHAEI agrees that if the Government requests one, MATTHAEI is required to accurately complete it within 14 days of the Government's request. If the Government requests one but MATTHAEI fails to timely provide a complete and accurate Financial Disclosure Statement, or if the Government determines that MATTHAEI has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MATTHAEI by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MATTHAEI's activities and relevant conduct with respect to this case.

Stipulations

This Office and MATTHAEI will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and MATTHAEI waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

MATTHAEI understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. MATTHAEI understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MATTHAEI wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. MATTHAEI understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, MATTHAEI waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MATTHAEI. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude MATTHAEI from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between MATTHAEI and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

By: Jennifer S. Kozar
Rachelle M. Navarro
Casey S. Smith
Assistant United States Attorneys

APPROVED:

Carolyn Silane
Chief, Economic Crimes Unit

I have received this letter from my attorney, Michael Critchley, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waivers, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Christopher Matthaei

Date: 10-19-26

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waivers, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Michael Critchley, Esq.
Counsel for Christopher Matthaei

Date: 10/19/26

Plea Agreement with Christopher Matthaei

Schedule A

1. This Office and Christopher Matthaei ("MATTHAEI") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2025 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.4. This guideline carries a Base Offense Level of 8.

4. The parties agree that the gain, including relevant conduct, was between $2 million and $3.5 million. Because the gain was greater than $1.5 million but not greater than $3.5 million, the base offense level is increased by 16 levels. U.S.S.G. §§ 2B1.1(b)(1)(I), 2B1.4(b)(1).

5. On April 30, 2026, the United States Sentencing Commission proposed an amendment to U.S.S.G. § 2B1.1(b)(1) to adjust the dollar amounts delineating each loss threshold (the "Amendment"). Unless Congress rejects the Amendment, it will take effect on November 1, 2026.

6. Within the meaning of the Amendment, the parties further agree that the loss relevant to the offense was greater than $2 million but not greater than $5 million. The parties agree, therefore, that the enhancement resulting from U.S.S.G. § 2B1.1(b)(1) is the same under either the pre-Amendment or post-Amendment version of that provision, if that Amendment goes into effect.

7. As of the date of this letter, MATTHAEI has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MATTHAEI's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, MATTHAEI has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-level reduction in MATTHAEI's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) MATTHAEI enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that MATTHAEI's acceptance of responsibility has

continued through the date of sentencing and MATTHAEI therefore qualifies for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) MATTHAEI's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. If MATTHAEI established at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 19; otherwise, MATTHAEI's total Guidelines offense level will be 21.

10. The parties agree that a term of imprisonment within the range of 12 months and one day to 24 months (the "Stipulated Range") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). Neither party will argue for a term of imprisonment outside of the Stipulated Range. The parties recognize, however, that the Stipulated Range will not bind the District Court.

11. If the District Court imposes a term of imprisonment within the Stipulated Range:

a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, and the special assessment.

b. MATTHAEI will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

c. These waiver provisions, however, do not apply to:

i. Any proceeding to revoke the term of supervised release.

ii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

iii. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).